Brett *v.* Williamson.

ALEX. BRETT, Adm'r. *v.* P. K. WILLIAMSON *et al.*

WILLS. *Interest of devisee subject to execution. When.* A testator provided
by the fourth item of his will, as follows: "I desire and direct that
at the death or marriage of my wife, Sarah A., or as soon thereafter
as possible, my plantation shall be sold on a reasonable credit and
the proceeds of sale be equally divided between my sons, T. E. and
P. K., and my grandson, J. M." Prior to the death of the widow,
P. K. confessed judgment in favor of a creditor, who with the consent
of P. K., levied an execution upon his undivided one-third of said
land and sold the same, becoming the purchaser thereof. After the
death of the widow the land was sold as directed by the will, and
other creditors sought by bill to appropriate the interest of said P.
K. *Held,* that the purchaser at execution sale ʼwas entitled to the
interest of P. K.; that he had such an interest in said land before the
death of the widow as was liable to sale under execution.

FROM WILSON.

Appeal from the Chancery Court at Lebanon. GEO.
E. SEAY, Ch.

STOKES & SON for complainant.

TARVER & GOLLIDAY for defendants.

DEADERICK, C. J., delivered the opinion of the court

In December, 1871, one George Williamson died in
Wilson county, leaving a last will and testament, and
a widow and one son, defendant, P. K., the heirs-at-
law of another son, T. E. Williamson, and a grandson,
his only legatees, devisees and heirs-at-law. The son,
T. E. Williamson, was living when the will was ex-
ecuted, but died before his father's death.

The fourth item of the will is as follows: "I desire and direct that at the death or marriage of my wife," Sarah A. Williamson, or as soon after as possible, my plantation shall be sold on a reasonable credit, and the proceeds of sale be equally divided between my sons, T. E. Williamson and P. K. Williamson, and my grandson, John M. Williamson."

The executor nominated in the will refused to qualify, and testator's widow and one Talbot qualified as administrators, with the will annexed.

At May term, 1872, P. K. Williamson confessed two judgments in the circuit court of Wilson county, one in favor of Cartmell, administrator, and one in favor of defendant, Hamilton; one for $593, and the other for $275. Upon these judgments executions were issued early in 1873, and levied upon the one-third undivided interest of said P. K. Williamson, in the tract of land mentioned in the said fourth clause of testator's will. This tract of land contained about 206 acres. The interest levied on was sold May 3, 1873, under the said executions, and defendant Hamilton became the purchaser, at the amount of said two judgments, interest and costs.

In September, 1873, the widow of testator died without having married again, and a few days thereafter defendant P. K. and John M. Williamson and two adult heirs of T. E. Williamson, deceased, filed their bill against five minor heirs of said T. E. and the administrator, Talbot, praying a sale of said tract of land that the proceeds might be divided as directed in the will. The land was sold and the sale con-

firmed at April term, 1875. Hamilton, the purchaser of the one-third interest of the said P. K. at execution sale was not made a party to this [proceeding, nor do the pleadings disclose that he had become the purchaser at said execution sale, or that he had, or claimed any interest in the proceeds of the sale of the land.

In April, 1876, complainants, creditors of defendant, P. K. Williamson, filed this bill in the chancery court at Lebanon, seeking to reach one-third of the proceeds of the sale of said land, as the property of said P. K., and to have the same applied to the satisfaction of their judgments, upon which executions had issued and been returned "*nulla bona.*"

Complainants' bill was dismissed by the chancellor, and upon appeal here the Referees have recommended an affirmance of the decree, and complainants have excepted to their report, raising the question of the validity of the execution sale of the land and the right of defendant Hamilton to the proceeds of said P. K's. interest therein.

The complainants insist that P. K. Williamson had no such interest in the land as could be sold under execution, and that the election of one of three parties in interest amounts to nothing, and cannot stay the execution of the power to sell the whole. It is true that the election of one of three parties to take land instead of the proceeds of its sale, would not hinder the execution of the power to sell, against the wish of the other two, or even one of them.

But in this case it appears that defendant P. K.

confessed the judgments, furnished the boundaries of the land levied upon, waived advertisement and notice of sale in writing, stipulated for time within which to redeem his interest, all for the purpose of having his interest in the land applied to the satisfaction of said judgments. And within a week or so after the termination of the life estate by the death of the mother, he with others filed their bill in the chancery court at Lebanon to have the land sold, in the hope as he states, that his share would bring more than the amount for which it had been sold, and that he would realize some surplus after paying Hamilton. And although the estate in the land directed to be sold is considered as personalty, we see no reason why it may not be sold, with the consent of the owner, so as to pass to the purchaser his interest. This would place the purchaser in the same relation to the property as the original owner. It would not prejudice the rights of the other parties in interest.

Upon the facts disclosed in this record, the sale might well be sustained upon the ground of a voluntary sale of personalty by the owner, upon a fair consideration paid in the extinguishment of debts against him. P. K. Williamson's object and avowed purpose was to make this bequest satisfy said judgments. There is no impeachment of the justice of the payments, nor any imputation of fraud.

Under these facts could the debtor set aside the right of the purchaser? And if not, have his creditors any higher right?

But if the legal title to the land not being vested

in the executor descended to the heirs, the legal title to one-third was vested in said P. K., as was the beneficial interest to the same extent, and such an interest would be subject to execution sale. Upon the whole case we are of opinion that the report of the Referees recommending an affirmance of the chancellor's decree should be confirmed: See Pomeroy's Eq. Jur., vol. 3, sec. 1166, and cases cited.

FREEMAN, J, dissenting, said:

I am unable to concur in this conclusion. The sole title of the purchaser was under a sale of the land. The debtor had no interest in the land. I cannot see how a right to a legacy in money can pass to a purchaser of the land to which the party had no title. I therefore dissent.